IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO - DAYTON

| | | |
|---|---|---|
| THE REYNOLDS & REYNOLDS COMPANY | : | Case No. 3:14-mc-00017 |
| | : | |
| Plaintiff | : | Judge Thomas M. Rose |
| v. | : | |
| | : | |
| JAMES MIKUTA | : | |
| | : | |
| Defendant | : | |

**AMENDED MOTION OF DEFENDANT JAMES MIKUTA TO STAY PROCEEDINGS**

Now comes James Mikuta, by and through counsel, and respectfully moves this Honorable Court pursuant to 9 U.S.C. § 12 and R.C. § 2711.10-.11 and 2711.13, to stay this matter.

In support, Mr. Mikuta would show this Court as follows:

1. 9 U.S.C § 12 reads:

   "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney <u>within three months after the award is filed</u> or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award." (emphasis added).

2. R.C. § 2711.13 reads:

   After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

   Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

3.  R.C. § 2711.10 states:

    In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

    (A) The award was procured by corruption, fraud, or undue means.

    (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

    (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

    (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

    If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.

4.  R.C. § 2711.11 states:

    In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:

    (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

    (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

    (C) The award is imperfect in matter of form not affecting the merits of the controversy.

    The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

5.  Plaintiff has come to this court prematurely, seeking to enforce the arbitrators award and judgment entered on September 30, 2014 [Doc 1-1 Exhibit 1].

6.  Mr. Mikuta is entitled by law to a stay of this action while his Motion to Vacate/Modify Arbitration Award is decided. See Exhibit A [Motion to Vacate/Modify Arbitration Award filed in Montgomery County Common Pleas Court Case No. 2014 CV 07106].

7.  Notice of the filing of that Motion has been served upon Plaintiff. Exhibit B.

Respectfully, therefore, James Mikuta moves this Court to stay this proceeding until such time as the Motion to Modify/Vacate Arbitration Award is decided.

Respectfully Submitted,

**/s/ Amelia A. Bower**

Amelia A. Bower (No. 0013474)
Plunkett Cooney
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Direct:  614/629-3004
Fax:     614/629-3019
abower@plunkettcooney.com

*Counsel for James Mikuta*

SERVICE

I hereby certify that on December 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the registered users therein and by regular US mail as follows:

David P. Pierce
Daniel J. Gerome
COOLIDGE WALL CO. LPA
33 W. First Street Suite 600
Dayton, Ohio 45402

John C. Allen
1125 Two Houston Center
909 Fannin Suite 1600
Houston, Texas 77010

                                            **/s/ Amelia A. Bower**
                                            Amelia A. Bower

Open.23858.43232.14921883-1