UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THE REYNOLDS & REYNOLDS
COMPANY,

                                                                Case No. 3:14-mc-017

          Plaintiff,

                                                                    Judge Thomas M. Rose

-v-

JAMES MIKUTA,

          Defendant.

---

**ENTRY AND ORDER FINDING THAT THIS COURT HAS SUBJECT MATTER JURISDICTION; GIVING REYNOLDS UNTIL NOT LATER THAN JANUARY 9, 2015 TO OPPOSE MIKUTA'S AMENDED MOTION TO STAY PROCEEDINGS AND GIVING MIKUTA UNTIL NOT LATER THAN JANUARY 16, 2015 TO REPLY TO REYNOLDS' OPPOSITION**

---

Two Motions are pending in this case. One is a Motion To Confirm Arbitration Award (doc. #1) filed by Plaintiff The Reynolds & Reynolds Company ("Reynolds"). This Motion is now fully briefed. The other pending Motion is an Amended Motion To Stay Proceedings (doc. #16) filed by Defendant James Mikuta ("Mikuta").[1] This Motion is not fully briefed.

In the Motion To Confirm Arbitration Award, Reynolds petitions the Court to confirm an arbitration award (the Final Award) and enter judgment against Mikuta. Mikuta opposes confirmation of the Arbitration Award because, according to Mikuta, this Court does not have subject matter jurisdiction and the Motion is premature.

**SUBJECT MATTER JURISDICTION**

---

[1]Mikuta filed a Motion To Stay Proceedings (doc. #15) and then, approximately four (4) hours later filed an Amended Motion To Stay Proceedings (doc. #16). The Amended Motion To Stay Proceedings will be considered by the Court to be the operative Motion.

Subject matter jurisdiction must be addressed before the Court may proceed to adjudicate this matter. Subject matter jurisdiction in this matter is premised on diversity of citizenship. For diversity of citizenship to exist, the matter must be between citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

### Diversity of Citizenship

In this case, Reynolds is an Ohio corporation with its principal place of business in Dayton, Ohio. Mikuta is an individual residing in Naperville, Illinois. Thus, there is diversity of citizenship.

### Amount In Controversy

The Arbitration Award grants injunctive relief, but makes no monetary award. However, Reynolds asserts that the amount in controversy exceeds $560,000.

In cases involving injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *The Cincinnati Insurance Co. v. Zen Design Group, Ltd.*, 329 F.3d 546, 548 (6th Cir. 2003) *citing Hunt v. Washington State Apple Adver. Comm'n.* 432 U.S. 333, 347 (1977). Thus, the Court must consider the value of the injunctive relief granted by the Arbitration Award.

To determine the amount in controversy, or value of the object of the litigation, in this case, the Court may consider Reynolds' competitive losses. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992). Competitive losses may include the value of sales generated by a former employee. *Id.*

Reynolds has submitted evidence, in the form of a Declaration submitted by its Senior Director of Marketing, that the value of the profits that it lost, or competitive losses, due to

Mikuta's departure is $561,643. (Havener Decl. ¶ 13.) Thus, the amount in controversy exceeds $75,000.

### Mikuta's Arguments

Mikuta argues that there is not diversity of citizenship because Reynolds is licensed to do business in the State of his residence. However, whether Reynolds is licensed to do business in the State of Mikuta's residence is not dispositive. The fact that Reynolds is licensed to do business in a state does not make it a citizen of that state for purposes of a diversity determination. See 28 U.S.C. § 1332(c)(1); *Sanders Company Plumbing and Heating, Inc. v. B.B. Anderson Construction Company, Inc.*, 660 F. Supp. 752, 757 (D. Kansas 1987).

For diversity jurisdiction purposes, Reynolds is a citizen of Ohio where it is organized and has its principal place of business. Mikuta is a citizen of Illinois. Thus, Reynolds and Mikuta are citizens of different states.

Mikuta's final argument regarding subject matter jurisdiction is that the amount in controversy does not exceed $75,000 because the Arbitration Award grants injunctive relief and no monetary award was granted. First, Mikuta does not demonstrate, as he must, to a legal certainty that Reynolds' claim of more than $560,000 was really for less that the $75,000 requirement. *See Schultz v. General R.V. Center*, 512 F.3d 754, 756 (6th Cir. 2008). Second, Courts may, as more fully set forth above, consider the value of the injunctive relief granted by the Arbitration Award.

### Conclusion Regarding Subject Matter Jurisdiction

Reynolds and Mikuta are citizens of different states. Further, the amount in controversy exceeds $75,000. Thus, this Court has subject matter jurisdiction to adjudicate this matter.

**THE MOTION TO STAY PROCEEDINGS**

In his Amended Motion To Stay the Proceedings, Mikuta seeks a stay of this matter because enforcement of the Arbitration Award would be premature. Enforcement would be premature, according to Mikuta, because he has filed a Motion To Vacate/Modify Arbitrator's Award in the Common Pleas Court for Montgomery County, Ohio.

Mikuta's Amended Motion To Stay these proceedings has not yet been fully briefed by Reynolds and Mikuta. Therefore, to expedite this Court's decision on Mikuta's Amended Motion To Stay Proceedings, Reynolds is given until not later than Friday, January 9, 2105 to submit, if it wishes, a memorandum opposing Mikuta's Amended Motion To Stay Proceedings and Mikuta is given until not later than Friday, January 16, 2015 to reply to Reynolds' opposition.

**DONE** and **ORDERED** in Dayton, Ohio this Thirtieth day of December, 2014.

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record